

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*          973-645-2700
*Newark, New Jersey 07102*

PL AGR
USAO2024R00434

May 29, 2025

Ernesto Cerimele, Esq.
Klingeman Cerimele, Attorneys
60 Park Place, Suite 1100
Newark, New Jersey 07102

      Re:     <u>Plea Agreement with Al-Tarik Onque</u>

Dear Mr. Cerimele:

      This letter sets forth the plea agreement between your client, Al-Tarik Onque ("Onque"), and the United States Attorney for the District of New Jersey ("this Office"). **This offer will expire on June 6, 2025**, if it is not accepted in writing by that date. If Onque does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Onque to an Information, which charges Onque with conspiracy to defraud the City of Newark of its officials' honest services facilitated by use of interstate wire transmissions from in or about January 2020 to in or about December 2022, in connection with the offering, making, soliciting, and receiving bribe payments related to real estate, including the issuance of fraudulent certificates of code compliance and occupancy ("CCCs" and "CCOs") purportedly issued by the City of Newark, in violation of 18 U.S.C. §§ 1343, 1346, and 1349. If Onque enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Onque for his engaging in a scheme to defraud the City of Newark of its officials' honest services, from in or about January 2020 to in or about December 2022, related to offering, making, soliciting, and receiving bribe payments related to real estate, including the issuance of fraudulent CCCs and CCOs purportedly issued by the City of Newark.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Onque, even if the applicable statute of limitations period for those charges expires after Onque signs this agreement, and Onque agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 18 U.S.C. §§ 1343, 1346, and 1349 to which Onque agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence imposed may run consecutively to any prison sentence Onque is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Onque is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Onque ultimately will receive.

Further, in addition to imposing any other penalty on Onque, the sentencing judge as part of the sentence:

(1)      will order Onque to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)      may order Onque to pay restitution, pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)      may order Onque, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offenses;

(4)      must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

(5)      pursuant to 18 U.S.C. § 3583, may require Onque to serve a term of supervised release of not more than 3 years, which will begin at the

expiration of any term of imprisonment imposed. Should Onque be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Onque may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Onque agrees to forfeit to the United States all property, real or personal, Onque obtained that constitutes or is derived from proceeds traceable to the conspiracy offense charged in the Information. Onque further acknowledges that the value of such property was approximately $5,000; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not to exceed $5,000 (the "Forfeiture Amount"). Onque consents to the entry of an order at or around the time of the plea hearing requiring Onque to pay the Forfeiture Amount, in the manner described below (the "Order"), which may be satisfied in whole or in part with substitute assets. Onque further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by (i) electronic funds transfer, as directed by the Office; or (ii) postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture Staff, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Onque waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all

grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Onque further understands that Onque has no right to demand that any forfeiture of Onque's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Onque in addition to forfeiture.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Onque by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Onque's activities and relevant conduct with respect to this case.

Stipulations

This Office and Onque will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A and the paragraph below, this Office and Onque waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Immigration Consequences</u>

Onque understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending Onque's naturalization. Onque understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Onque wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Onque's removal from the United States. Onque understands that Onque is bound by this guilty plea regardless of any immigration consequences. Accordingly, Onque waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Onque also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Onque. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Onque from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Onque and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

/s/ Matthew Specht

By:    Matthew Specht
       Assistant U.S. Attorney

APPROVED:

*Ronnell L. Wilson*
Ronnell L. Wilson
Chief, Special Prosecutions Division

I have received this letter from my attorney, Ernesto Cerimele, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_Al-Tarik Onque_                                    Date: 6/3/2025
Al-Tarik Onque



I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_Ernesto Cerimele_                                    Date:  6-4-25
Ernesto Cerimele, Esq.
Counsel for Defendant

Plea Agreement With Al-Tarik Onque

Schedule A

1.      This Office and Al-Tarik Onque ("Onque" or the "Defendant") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2024 applies in this case.

3.      Pursuant to U.S.S.G. § 2X1.1, the applicable guideline is U.S.S.G. § 2C1.1. This guideline carries a Base Offense Level of 14 pursuant to U.S.S.G. § 2C1.1(a)(1).

4.      The offense involved more than one bribe or extortion, and thus, the offense level is increased by 2 levels pursuant to U.S.S.G. § 2C1.1(b)(1).

5.      The value of the payments, the benefit received, or to be received in return for the payment, or the value of anything obtained or to be obtained by a public official or others acting with a public official was more than $6,500 but not more than $15,000. This results in an increase of 2 levels pursuant to U.S.S.G. § 2B1.1(b)(1)(B) and 2C1.1(b)(2).

6.      Accordingly, the offense level is 18.

7.      As of the date of this letter, Onque has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Onque's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8.      As of the date of this letter, Onque has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Onque's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Onque enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Onque's acceptance of responsibility has continued through the date of sentencing and Onque therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Onque's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9.      Accordingly, the parties agree that the total Guidelines offense level applicable to Onque is 15 (the "Total Offense Level").

10.     The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11.     If the term of imprisonment does not exceed 24 months, and except as specified in the next paragraph below, Onque will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 18 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12.     Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)     Any proceeding to revoke the term of supervised release.

(b)     A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).